# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JIM NAVARRO, | )<br>) |
| Plaintiff, | )<br>) |
| | ) 2:10-cv-00186-JCM-LRL |
| v. | )<br>) |
| | ) **O R D E R** |
| STATE OF NEVADA REHABILITATION<br>DIVISION, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). The court finds that plaintiff is unable to prepay the filing fee. Further, although the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

**I.**   ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**   **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would

entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russel v. Landrieu*, 621 f.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Plaintiff brings an action under Section 1983 for millions of dollars in damages against: the State of Nevada Rehabilitation Division; the Attorney General of the United States; United States Attorney, Daniel Bogden; the Social Security Commissioner's Office; and the Secretary of the Veteran's Administration Board of Appeals. Plaintiff states as the nature of his case, "Deprive of my civil rights and Constitutional Rights when it comes to Applying for Government Funded Programs." Complaint (#1-1) at 3. Although it is evident from his Complaint that plaintiff feels he has been treated unfairly in his efforts to obtain social security benefits and also by the Veteran's Administration with regard to an issue related to his worker's compensation, plaintiff hasn't set forth particular facts and law that would entitle him to relief under § 1983. Plaintiff has named many defendants but does not allege what legally redressable harm was done to him by any defendant. While plaintiff makes reference to the Sixth Amendment, the Fourteenth Amendment, and §1983, he fails to articulate any specific legal grounds for relief under either Amendment or §1983. Hence, plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff will, however, be given an opportunity to cure the deficiencies listed above.

Accordingly, and for good cause shown,

. . .

1  IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

2  IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion
3  without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma*
4  *pauperis* status shall not extend to the issuance of subpoenas at government expense.

5  IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint.

6  IT IS FURTHER ORDERED that the Complaint will be dismissed without prejudice.

7  IT IS FURTHER ORDERED that plaintiff shall file an amended complaint by July 17, 2010 or
8  his case may be dismissed with prejudice.

9  DATED this 17th day of June, 2010.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

3